# UNITED STATES DISTRICT COURT
## Western District of Texas
### Midland Division

| | | |
|---|---|---|
| **Dean Keating**, individually and on behalf of all those similarly situated | § § § § § | |
| Plaintiffs, | § § | |
| | § | CA No: 7:20-cv-122 |
| v. | § § | |
| **Flowco Production Solutions, LLC** | § § | Collective Action and Class Action |
| Defendant | § § | Jury Demanded |

### Plaintiff's Class/Collective Action Complaint

Dean Keating ("Keating" or "Plaintiff") brings this action individually and on behalf of all others similarly against Flowco Production Solutions, LLC ("Defendant") and in support shows the Court the following:

1. **Nature of Suit.**

    1.1. This is an opt-in collective action brought pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201 *et. seq.* ("FLSA"). This is also a class action brought pursuant to the New Mexico Minimum Wage Act ("NMMWA**"),** N.M. Stat. Ann. § 50-4-19, *et seq.*

    1.2. Defendant employed Plaintiff and other Class Members as Gas Lift Field Technicians whose primary job duties involved manual labor tasks in the oil field.

2. **Parties.**

   2.1. Keating worked for Defendant in Texas and New Mexico in the three years preceding the filing of this case. Keating's consent to participate is being filed with the Court.

   2.2. Plaintiff brings this action individually and on behalf of those technicians similarly situated pursuant to the FLSA ("Class Members" or "Field Technicians"). The Class Members consist of Defendant's current and former Field Technicians who were paid on a salary basis and a day rate who worked more than 40 hours in one or more workweek over the previous three years but were not paid overtime.

   2.3. Defendant is a Texas limited liability company, licensed to do business in the State of Texas. Defendant's registered agent for service of process in Texas is Stuart E. Harlow, 2731 Spring Stuebner, Ste. N, Spring, TX 77389.

3. **Jurisdiction and Venue.**

   3.1. Venue of this action is proper in this district and division because Defendant maintains an office in this District. Venue exists in the judicial district pursuant to 28 U.S.C. § 1391.

   3.2. Defendant carries on substantial business in the Western District of Texas and has sufficient minimum contacts with this state to be subject to this Court's jurisdiction.

3.3. This Court has jurisdiction over this case pursuant to the district court's federal question jurisdiction as set forth in 28 U.S.C. § 1331. Specifically, this case is brought pursuant to the FLSA.

3.4. This Court has supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367.

4. **Coverage.**

    4.1. At all material times, Defendant has acted, directly or indirectly, in the interest of an employer with respect to Plaintiff and the Class Members.

    4.2. At all times hereinafter mentioned, Defendant has been an employer within the meaning of the Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

    4.3. At all times hereinafter mentioned, Defendant has been an enterprise with the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

    4.4. At all times hereinafter mentioned, Defendant has been an enterprise engaged in commerce or the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that Defendant has had employees engaging in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce for any person and Defendant has had and has an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level which are separately

stated). Plaintiffs and the Class Members specifically handled and used materials that traveled in interstate commerce, including oil and gas drilling equipment.

4.5. Defendant is a national oil and gas services company. Two or more of Defendant's employees, engage in commerce by using equipment that has traveled in interstate commerce. By way of example and not by limitation, Defendant's employees used/use:

4.5.1. computers and telecommunications equipment that has been manufactured and shipped across state lines;

4.5.2. office equipment, such as copiers, that has been manufactured and shipped across state lines;

4.5.3. the interstate telephone systems, landline and cellular, to recruit and employ individuals for operational positions;

4.5.4. The United States postal system to send mail across state lines; and

4.5.5. the interstate banking systems to pay Defendant's employees.

4.6. At all times hereinafter mentioned, Plaintiff and the Class Members were individual employees engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. § 203(e)(1).

5. **Factual Allegations.**

5.1. Defendant provides a service to the oil and gas industry providing well deliquification and production optimization for oil and gas producers.

5.2. Defendant provides services to oil and gas wells and drilling sites that incorporate and use equipment and material that have traveled in interstate commerce.

5.3. Defendant has offices, equipment yards and service oil and gas wells at various locations around the United States (each a "**Location**" and collectively the "**Locations**").

5.4. Plaintiff worked for Defendant and reported to its Midland, Texas Location. Plaintiff was assigned to perform duties at oil and gas wells in Texas and New Mexico. Some of the Class Members were assigned to locations in Texas, Colorado, New Mexico and Pennsylvania.

5.5. During the Relevant Period, Plaintiff's job responsibilities consisted of manual labor tasks in the form of installing gas lift valves in the work string on production and competition rigs at Defendant's Locations.

5.6. Plaintiff's job responsibilities also consisted of transporting equipment from the shop to the pulling units or service rigs.

5.7. Plaintiff was also responsible for various other non-discretionary tasks. These other non-discretionary tasks Plaintiff performed were routine and did not require the exercise of independent judgment or discretion.

5.8. Plaintiff and the Putative Class Members were paid a salary and a day rate.

5.9. This lawsuit covers the period of time Plaintiff and the Putative Class Members were treated as exempt employees for purposes of the FLSA and the state laws

and were not paid time and one-half their regular rate of pay for hours worked in excess of 40 hours in a work week (the "**Relevant Period**").

5.10. Plaintiffs and the Putative Class Members routinely worked more than 40 hours in a work week during the Relevant Period. Plaintiffs and the Putative Class Members worked 7 days a week for weeks at a time. Plaintiff and the Putative Class Members worked at least 12 hours per day and on many days more hours than 12.

5.11. During a typical week during the Relevant Period, Plaintiff and the Putative Class Members would work at least 84 hours and oftentimes many more.

5.12. Defendant knowingly, willfully, or with reckless disregard carried out their illegal pattern or practice of failing to pay overtime compensation with respect to Plaintiff and the Putative Class Members.

5.13. The FLSA requires employers to keep accurate time records of hours worked by nonexempt employees. 29 U.S.C. § 211 (c).

5.14. In addition to the pay violations of the FLSA identified above, Defendant also failed to keep proper time records as required by the FLSA.

6. **Class and Collective Action Allegations**

6.1. The Plaintiff brings this action as a FED. R. CIV. P. 23 class action, on behalf of himself and on behalf of a Class for which the he seeks certification. Pending any modifications necessitated by discovery, the Plaintiff preliminarily defines this Class as follows:

**All Field Technicians (referred to by Defendant as Gas Lift Field Technicians), of Defendant who were paid an annual amount and/or day rate and no overtime and who worked more than 40 hours in one or more individual workweeks in the state of New Mexico.**

6.1.1. This action is properly brought as a class action for the following reasons:

    6.1.1.1. The Class is so numerous that joinder of all Class Members is impracticable. The Plaintiff is informed and believes that the number of Class Members exceeds forty.

    6.1.1.2. Numerous questions of law and fact regarding the liability of Defendants are common to the Class and predominate over any individual issues which may exist.

    6.1.1.3. The claims asserted by the Plaintiff are typical of the claims of Class Members and the Class is readily ascertainable from Defendants' own records. A class action is superior to other available methods for the fair and efficient adjudication of this controversy.

    6.1.1.4. The Plaintiff will fairly and adequately protect the interests of Class Members. The interests of Class Members are coincident with, and not antagonistic to, those of the Plaintiff. Furthermore, Plaintiff is represented by experienced class action counsel.

6.2. Plaintiff also seeks certification of an FLSA "opt-in" collective action pursuant to 29 U.S.C. §216(b) for all claims asserted by Plaintiff because his claims are nearly identical to those of other Collective Members. Plaintiff and Collective

Members are similarly situated, have substantially similar or identical job requirements and pay provisions, and were subjected to Defendant's common practice, policy or plan regarding employee wages and hours.

6.2.1. Pending any modifications necessitated by discovery, Plaintiff preliminarily defines this Collective as follows:

> **All nationwide Field Technicians (referred to by Defendant as Gas Lift Field Technicians) of Defendant who were paid an annual amount and/or day rate and no overtime and who worked more than 40 hours in one or more individual workweeks beginning three years prior to the date of the filing of this lawsuit.**

6.2.2. Plaintiff's experiences are typical of the experiences of the Collective Members.

6.2.3. The specific job titles or precise job locations of the various Collective Members do not prevent class or collective treatment.

6.3. It is the policy of Defendant not to pay overtime wages to Plaintiff and the Field Technicians.

6.4. Defendant does not pay overtime because Defendant has a policy of classifying each Field Technician as an exempt employee under the FLSA. Such policy applies to Plaintiff and all Field Technicians.

6.5. Thus, other employees have been victimized by this pattern, practice, and policy which is in willful violation of the FLSA.

6.6. The Class Members do not qualify for any exemption and performed job duties typically associated with non-exempt employees. Their duties were routine and

did not require the exercise of independent judgment or discretion. Moreover, these employees regularly worked more than 40 hours in a workweek and were not paid one-half their regular rate of pay for hours worked in excess of 40 hours in a work week.

6.7. Accordingly, the employees victimized by Defendant's unlawful pattern and practices are similarly situated to Plaintiff in terms of job duties and pay provisions.

6.8. Defendant's failure to pay overtime compensation at the rates required by the FLSA is based on Defendant's generally applicable policy of classifying each Field Technician as an exempt does not depend on the personal circumstances of the Class Members. Thus, Plaintiffs' experiences are typical of the experience of the Class Members.

6.9. The specific job titles, precise job requirements or job locations of the various Class Members do not prevent collective treatment.  All Class Members, regardless of their work location, precise job requirements or rates of pay, are entitled to be paid the minimum wage and/or overtime compensation for hours worked in excess of 40 hours per week.  Although the issue of damages may be individual in character, there is no detraction from the common nucleus of liability facts.  The questions of law and fact are common to Plaintiffs and the Class Members.

7. **First Claim for Relief: Failure to Pay Wages in Accordance with the Fair Labor Standards Act.**

   7.1. Each and every allegation contained in the foregoing paragraphs 1-6, inclusive, is re-alleged as if fully rewritten herein.

   7.2. During the relevant time period, Defendant violated and continues to violate the provisions of section 7 of the FLSA, 29 U.S.C § 207, and 215(a)(2), by employing employees in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA for weeks longer than 40 hours without compensating for work in excess of 40 hours per week at rates no less than one-and-a-half times their regular rates of pay. Defendant has acted willfully in failing to pay Plaintiff and the Collective Members in accordance with the law.

8. **Second Claim for Relief: – Individual and Class Action Cause of Action: Failure to Pay Wages in Accordance with the New Mexico Minimum Wage Act ("NMMWA"), N.M. Stat. Ann. § 50-4-19, et seq.**

   8.1. Each and every allegation contained in the foregoing paragraphs 1-6, inclusive, is re-alleged as if fully rewritten herein.

   8.2. During their employment, Plaintiff and the Class Members were "employees" of Defendant as defined by the NMMWA in N.M. Stat. Ann. § 50-4-21(c).

   8.3. During their employment, Defendant was Plaintiff's and the Class Members' "employer" as defined by the NMMWA in N.M. Stat. Ann. § 50-4-21(b).

8.4. This count arises from Defendant's violations of the NMMWA by failing to pay overtime to Plaintiff and the Class Members when they worked over 40 hours in individual workweeks in New Mexico.

8.5. Defendant classified Plaintiff and the Class Members as exempt from the overtime provisions of the NMMWA.

8.6. Plaintiff and the Class Members were not exempt from the overtime provisions of the NMMWA.

8.7. Plaintiff and the Class Members were regularly directed to work by Defendant, and did work, over 40 hours in individual workweeks.

8.8. Defendant violated the NMMWA by failing to pay Plaintiff and the Class Members overtime at one and one-half times their regular rates of pay when they worked over 40 hours in individual workweeks.

8.9. Defendant has acted willfully in failing to pay Plaintiff and the Class Members in accordance with the law.

9. **Jury Demand.**

9.1. Plaintiff demands a trial by jury herein.

10. **Relief Sought.**

10.1. WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that he and all those who consent to be opt-in plaintiffs in this collective action recover from Defendant, the following:

10.1.1. Determining that the action is properly maintained as a class action under FRCP 23, certifying Plaintiff as the class representative, and appointing Plaintiff's counsel as counsel for the Class Members;

10.1.2. An Order recognizing this proceeding as a collective action pursuant to Section 216(b) of the FLSA and appointing Plaintiff and his counsel to represent the Collective Members;

10.1.3. An Order requiring Defendant to provide the names, addresses, email addresses and telephone numbers of all potential Class/Collective Members;

10.1.4. An Order approving the form and content of a notice to be sent to all potential Class/Collective Members advising them of the pendency of this litigation and of their rights with respect thereto;

10.1.5. Overtime compensation for all unpaid hours worked in excess of forty hours in any workweek at the rate of one-and-one-half times their regular rates;

10.1.6. All unpaid wages and overtime compensation for Plaintiff and the Class Members as required by the NMMWA plus an additional amount equal to twice the unpaid wages as penalties under the NMMWA (N.M.S.A.1978, § 50–4–26(C));

10.1.7. An award of liquidated damages pursuant to 29 U.S.C § 216 as a result of the Defendant's failure to pay overtime compensation pursuant to the FLSA;

10.1.8. Reasonable attorneys' fees, expert fees, costs, and expenses of this action as provided by the FLSA;

10.1.9. Pre-judgment and post-judgment interest at the highest rates allowed by law; and

10.1.10. Such other relief as to which Plaintiff may be entitled.

Respectfully submitted,

By: */s/ Chris R. Miltenberger*
Chris R. Miltenberger
Texas Bar Number: 14171200

**The Law Office of Chris R. Miltenberger, PLLC**
1360 N. White Chapel, Suite 200
Southlake, Texas 76092-4322
817-416-5060 (office)
817-416-5062 (fax)
chris@crmlawpractice.com

**Attorney for Plaintiff**