**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
MIDLAND/ODESSA DIVISION**

| | |
|---|---|
| **DEAN KEATING, Individually and on behalf of all others Similarly situated,** §§§ | |
| *Plaintiff*, § | |
| § | |
| v. § | No. MO:20-CV-00122-DC-RCG |
| § | |
| **FLOWCO PRODUCTION SOLUTIONS, LLC,** §§ | |
| *Defendant*. § | |

**ORDER GRANTING DEFENDANT'S MOTION FOR RECONSIDERATION; ORDER AMENDING DEFINITION OF SIMILARLY SITUATED; AND ORDER LIFTING STAY OF THE CASE**

BEFORE THE COURT is Defendant FlowCo Production Solutions, LLC's ("Defendant") Motion for Reconsideration of Order Adopting Definition of Similarly Situated Class and Authorizing Distribution of Notice to Potential Opt-In Plaintiffs (hereinafter, "Motion for Reconsideration"). (Doc. 77). This case is before the undersigned through an Order pursuant to 28 U.S.C. § 636 and Appendix C of the Local Court Rules for the Assignment of Duties to United States Magistrate Judges. (Doc. 5). After due consideration, the Court **GRANTS** Defendant's Motion for Reconsideration and **AMENDS** the Order Adopting Definition of Similarly Situated Class to reflect the changes made below. (Doc. 68). The Court further **ORDERS** the parties to incorporate such amendments into the already-approved notice documents. (Doc. 78). Finally, the Court **ORDERS** that the Order Staying Issuance of Notice Documents be lifted. (Doc. 79).

### I. Background

On May 18, 2020, Plaintiff Dean Keating ("Plaintiff") filed his Original Complaint against Defendant. (Doc. 1). Plaintiff and Opt-In Plaintiffs (collectively, "Plaintiffs") bring a

collective action for unpaid overtime wages pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA") and the New Mexico Minimum Wage Act, N.M. Stat. Ann. § 50-4-19, *et seq.*. *Id.* at 1.

Plaintiffs filed their Motion to Certify Class and Motion for Approval and Distribution of Notice and for Disclosure of Contact Information on July 10, 2020. (Docs. 18, 19). While Plaintiffs' Motion for Conditional Certification and Notice was pending before the Court, the Fifth Circuit's decision in *Swales v. KLLM Transp. Servs.* rejected the *Lusardi* two-step approach, upon which both Plaintiffs' Motions and Defendant's Responses were premised. 985 F.3d 430, 441 (5th Cir. 2021); (Docs. 18–21). As a result of the Fifth Circuit's directive in *Swales*, the Court found it necessary to deny Plaintiffs' Motion for Conditional Certification and Notice without prejudice, allowing Plaintiffs to refile their motion at the appropriate time. (Doc. 32). Pursuant to the Fifth Circuit's mandate in *Swales*, the Court held a hearing in the instant case on February 8, 2021, regarding "what facts and legal considerations" are material to determining whether Plaintiff and the proposed class are "similarly situated" as well as the "amount of discovery necessary to make that determination." (Doc. 33) (quoting *Swales*, 985 F.3d 430, 441 (5th Cir. 2021)).

On October 21, 2021, following the completed briefing of the issue, the Court entered an Order Adopting Definition of Similarly Situated Class and Authorizing Distribution of Notice to Potential Opt-In Plaintiffs, defining the class as:

> **All Gas Lift Technicians a/k/a Sales and Service Representatives employed by Defendant in the three years prior to July 10, 2020.**

(Doc. 68). Plaintiffs then filed their Opposed Motion to Approve Notice Documents on November 2, 2021 (Doc. 73) and Defendant filed objections the same day (Doc. 74). The Court

then overruled Defendant's objections and granted Plaintiffs' Motion to Approve Notice Documents. (Doc. 78). On November 9, 2021, Defendant filed the instant Motion for Reconsideration. (Doc. 77). Due to arguments raised in Defendant's Motion for Reconsideration, the Court issued an Order Staying Issuance of Notice Documents (Doc. 79) until the Motion for Reconsideration was addressed. Plaintiffs timely filed their Response wherein they oppose Defendant's Motion for Reconsideration. (Doc. 82). Accordingly, this matter is ready for disposition.

## II.  LEGAL STANDARD

Federal Rule of Civil Procedure 54(b) allows the Court to revise or amend "any order . . . that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties . . . at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities." Furthermore, the Fifth Circuit has stated that a "trial court is free to reconsider and reverse its decision for any reason it deems sufficient, even in the absence of new evidence or an intervening change in or clarification of the substantive law." *Austin v. Kroger Tex., L.P.*, 864 F.3d 326 (5th Cir. 2017) (quoting *Lavespere v. Niagara Mach. & Tool Works, Inc.*, 910 F.2d 167, 185 (5th Cir. 1990)).

## III.  DISCUSSION

Defendant's Motion for Reconsideration requests that the Court "reconsider its Order defining the class as those whom Defendant employed during the three (3) years prior to July 10, 2020—the date that Plaintiff filed his original motions for class certification and distribution of notice . . . rather than the date the Court authorizes distribution of notice, October 21, 2021." (Doc. 77 at 1). Defendant argues, correctly, that "[i]t is well-settled in the Fifth Circuit that notice periods are measured from the date that the court approves or authorizes notice to

3

potential opt-in plaintiffs" and that the Fifth Circuit's decision in *Swales v. KLLM Transp. Servs.* did not alter such practice. 985 F.3d 430 (5th Cir. 2021). (Doc. 77 at 3).

The Fifth Circuit has established that the proper measure for notice periods in FLSA cases is from the date that the court approves or authorizes notice. *See, e.g.*, *Snively v. Peak Pressure Control, LLC*, 174 F. Supp. 3d 953, 963 (W.D. Tex. 2016) ("[T]he three-year limitations period under the FLSA should be measured from the date notice is issued, rather than the date Plaintiff's Complaint was filed."); *Dyson v. Stuart Petroleum Testers, Inc.*, 308 F.R.D. 510, 516 (W.D. Tex. 2015) ("Defendants argue the three-year limitations period under the FLSA should be measured from the date notice is issued, rather than the date Plaintiff's complaint was filed. In the reply, Plaintiff concedes this is the proper date."); *Tolentino v. C & J Spec-Rent Servs., Inc.*, 716 F. Supp. 2d 642, 654 (S.D. Tex. 2010) ("Thus, the notice period must commence three years prior to the Court's approval of this notice.").

In response, Plaintiffs cite *T.S. by & through P.O. v. Burke Found.*, an FLSA case where the court rejected the defendant's argument that plaintiffs' use of the date that the original complaint was filed to measure the notice period improperly extended the statute of limitations. 521 F. Supp. 3d 691, 699 (W.D. Tex. 2021). While the *Burke* Court exercised its discretion by approving the plaintiffs' proposed notice, the plaintiffs in that case also explicitly requested that the court equitably toll the statute of limitations. *Id.* at 700. Here, Plaintiffs did not, nor do they claim to have explicitly requested that the Court equitably toll the statute of limitations as in *Burke*. To the contrary, Plaintiffs seem to suggest that, by requesting notice be distributed to "[a]ll Gas Lift Technicians a/k/a Sales and Service Representatives employed by Defendant in the three (3) years prior to July 10, 2020" (Doc. 55 at 1), they *implicitly* requested equitable

4

tolling. (Doc. 82). The Court will not automatically read such requests from between the lines of a party's motion and will not construe such as a motion for equitable tolling.

### IV. CONCLUSION

Because Plaintiffs did not request that the Court equitably toll the statute of limitations in this case, and in accordance with Fifth Circuit precedent, the Court **GRANTS** Defendant's Motion for Reconsideration and **AMENDS** the Definition of Similarly Situated to:

> **All Gas Lift Technicians a/k/a Sales and Service Representatives employed by Defendant in the three years prior to October 21, 2021.**

(Doc. 68). The Court further **ORDERS** the parties to incorporate the above-mentioned amendment into the already-approved notice documents. (Doc. 78). Finally, given the resolution of Defendant's Motion for Reconsideration, the Court **ORDERS** that the Order Staying Issuance of Notice Documents be lifted. (Doc. 79).

It is so **ORDERED**.

SIGNED this 17th day of November, 2021.

_____
RONALD C. GRIFFIN
UNITED STATES MAGISTRATE JUDGE